IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN CHRISTY,                      )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )    Case No. 22-cv-2044-JPG
                                    )
MARION USP,                         )
                                    )
            Defendant.              )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Shawn Christy, an inmate in the Federal Bureau of Prisons currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"), submitted a document to the Court concerning his conditions of confinement at USP-Marion. (Doc. 1). Plaintiff specifically challenges the prison's use of the inmate announcement system to refer to "male and female staff" without mentioning any other genders. Plaintiff finds this use of the announcement system offensive and biased toward nonbinary genders.

Upon receipt of this document, the instant case was opened with a Motion for Preliminary Injunction. (Doc. 1). However, the document that Plaintiff submitted to the Court is not sufficient to seek legal relief of any kind. The motion shall be denied without prejudice.

To initiate a civil case, the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Illinois require a plaintiff's submission to meet certain uniform criteria. A case must be initiated by the filing of a complaint. *See* FED. R. CIV. P. Rule 3. A complaint must include a short plain statement of the claim for relief, as well as a demand for relief. FED. R. CIV. P. Rule 8. It must include a plaintiff and defendants in a case caption. *Id*. The complaint must also be written, signed, and verified. Local Rule 8.1(b). The pleading must be clearly typed or printed, and it must be double spaced, except for quotes or exhibits. Local Rule 5.1(b). An inmate who wishes to file a civil

rights complaint may obtain a template and instructions for filing such a complaint by requesting the forms from the Clerk of Court.  Local Rule 8.1(a)(1).

In addition, the plaintiff must prepay the $402 civil filing fee or apply to proceed *in forma pauperis* (IFP) without prepaying the full filing fee.  Local Rule 3.1(a)-(b).  If granted IFP status, the plaintiff will be required to pay the filing fee in installments.  28 U.S.C. § 1915(b).  If a plaintiff has more than one lawsuit pending, fees will be collected for each case at the same time.  *Bruce v. Samuels*, 577 U.S. 82, 89-90 (2016).  The full fee must be paid, even if the plaintiff ultimately loses the lawsuit, or if his claims are dismissed for any reason.  The installment-payment approach also applies to any costs assigned to plaintiff if he loses the lawsuit.  *Bruce*, 577 U.S. at 86; 28 U.S.C. § 1915(f)(2)(B).

If Plaintiff wishes to commence litigation in this District based on the allegations in his first submission, he should submit a complaint that follows the uniform standards explained herein within 30 days (on or before **October 3, 2022**), and he should pay the filing fee or apply for pauper status.  If Plaintiff does not wish to start civil litigation and wishes to avoid any obligation to pay the filing fee for this action, he should notify the Court in writing that he does not wish to pursue any claim within 30 days.  A failure to respond to this Order will result in the dismissal of this case and an obligation to pay the full $402 filing fee for this action.

The Motion for Preliminary Injunction (Doc. 1) is **DENIED without prejudice**.  The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the standard civil rights complaint form, as well as an application to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

**Dated: 9/2/2022**

s/J. Phil Gilbert
**J. Phil Gilbert**
**United States District Judge**