IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN CHRISTY, #67634-066, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-02044-JPG |
| ) | |
| DANIEL SPROUL, ) | |
| JOHN LeCLAIR, ) | |
| LT. WATTS, and ) | |
| NATHAN SIMPKINS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the *pro se* Complaint[1] filed pursuant to 18 U.S.C. § 241 by Plaintiff Shawn Christy. (Doc. 11). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons and is currently housed at the United States Penitentiary in Marion, Illinois (USP-Marion). In the Complaint, Plaintiff claims he was unfairly punished with placement in USP-Marion's Special Housing Unit (SHU) and subjected to restrictions on his communications and commissary, after Plaintiff's father mailed him a copy of Defendant Nathan Simpkins' LinkedIn page. He seeks criminal charges against the defendants, money damages, and release from custody.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims.

---

[1] This case was initially opened as a civil rights action on September 1, 2022, upon receipt of an initial document challenging the prison staff's use of gender-specific pronouns. The Court construed the document as a motion for preliminary injunction and denied it the next day. Plaintiff was invited to file a proper Complaint by October 3, 2022. He filed the instant Complaint three weeks later on October 24, 2022.

1

28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  The factual allegations in a *pro se* complaint are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

At screening, the Court must analyze the substance of Plaintiff's claims to determine if he has invoked the correct statute when bringing the action.  *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002).  Although the case was initially opened as a civil rights action based on the allegations of equal protection violations in his motion for preliminary injunction, Plaintiff invokes 18 U.S.C. § 241 in connection with a request for criminal charges, money damages, and release from custody in the Complaint.

Sections 241 and 242 are federal criminal analogues of 42 U.S.C. § 1983.  *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).  However, a private citizen cannot file a lawsuit under Title 18 of the United States Code, which governs crimes and criminal procedure, unless the particular section provides for a private cause of action.  *See Maine v. Taylor*, 477 U.S. 131, 137 (1986) ("[P]rivate parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government.").  Section 241 provides for no private cause of action.  *See Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (It is "well settled [that] no private right of action inheres in [18 U.S.C. §§ 241-42].").  Accordingly, Plaintiff cannot pursue any relief under 18 U.S.C. § 241.

Plaintiff also seeks money damages.  The United States Supreme Court recognized an implied damages remedy for constitutional violations caused by federal agents in *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971).  Plaintiff did not invoke *Bivens*, and this implied

damage remedy has been construed very narrowly, in any event. *See Egbert v. Boule*, -- U.S. --, 142 S.Ct. 1793 (2022); *Ziglar v. Abbasi*, 137 U.S. 1843 (2017). In *Ziglar*, the Supreme Court held that further expansion of the *Bivens* remedy into contexts not officially recognized by the Supreme Court is strongly disfavored, unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60. The Court cited only three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar*, 137 U.S. at 1854-55. Plaintiff's Fifth Amendment due process claim against the defendants for punishing him without due process of law presents a new *Bivens* context. And, special factors counsel hesitation in expansion of a damages remedy into this context—namely, the availability of the BOP's administrative remedies process and habeas actions to address due process violations at prison disciplinary proceedings. *See Goree v. Serio*, 735 F. App'x 894 (7th Cir. 2018) (claims premised on due process violations arising from administrative and disciplinary proceedings not cognizable under *Bivens* and properly dismissed at screening). Even if he had pursued a claim for money damages based on Fifth Amendment due process violations, the claim would gain no traction under *Bivens* in the wake of *Ziglar*.

Plaintiff also seeks release from custody, but he cannot do so under 18 U.S.C. § 241 or *Bivens*. A petition for a writ of habeas corpus provides the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). It is possible that Plaintiff seeks restoration of good conduct credit lost at his prison disciplinary hearing or intends to

challenge his underlying conviction; if so, a habeas action could provide him with an avenue to relief. Therefore, the Clerk's Office will be directed to provide him with a form Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Plaintiff may use this form to file a separate habeas action, if he believes the petition is warranted.

Regardless, Plaintiff cannot proceed with his claims in this case. The Complaint and this action shall be dismissed. This case will be closed. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing civil rights action and claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus).

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) and this action are **DISMISSED** without prejudice to Plaintiff pursing relief in a separate habeas action. The Clerk's Office is **DIRECTED** to **SEND** Plaintiff a blank form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 for use in filing a habeas action, if he believes one is warranted. **The Court takes no position on the merits of said petition.**

**IT IS ORDERED** that the Motion for Recruitment of Counsel (Doc. 12) is **TERMINATED**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 2/16/2023**              s/J. Phil Gilbert
                                  **J. PHIL GILBERT**
                                  **United States District Judge**